## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2018 OCT 10 P 2: 47

WILLIAM W. BLEVINS
CLERK

| | |
|---|---|
| CASCO ATDNER, | * |
| | * |
| *Plaintiff* | * |
| | * |
| VERSUS | * |
| | * |
| GEORGE KISTER and JULIO | * |
| ALVARADO, both individually and their | * |
| official capacity as duly sworn officers | * |
| with Jefferson Parish Sheriff's Office, | * |
| JOHN AND JANE DOE 1-10, ABC | * |
| INSURANCE COMPANIES 1-10, | * |
| JOSPEPH LOPINTO, in his official | * |
| capacity as Sheriff of Jefferson Parish | * |
| only. | * |
| | * |
| *Defendants* | * |

CIVIL ACTION NO.

**18-9411**

SECTION

## SECT. R MAG. 4

JURY TRIAL DEMANDED

* * * * * * * * * * * * * * * * * * *

### COMPLAINT

NOW INTO COURT, by and through undersigned counsel, comes Casco Atdner, (hereinafter referred to as "Mr. Atdner"), a person of the full age of majority, and resident of Jefferson Parish, who files this Original Complaint against the above named Defendants, seeking all compensatory, nominal, and punitive damages, costs, attorneys' fees, and any and all other relief to which he may be entitled under law or equity for the Defendants' violations of the United States Constitution and Mr. Adtner's civil rights, resulting in the theft of his property, unlawful arrest, detainment, and incarceration, and who respectfully represents as follows:

### INTRODUCTION

1.      Casco Atdner is a single father residing in the Eastern District of Louisiana. He has worked for years as a painter in the New Orleans region to support himself and his daughter. At some point in 2017, Mr. Atdner was injured on a job and was provided benefits and a settlement through Louisiana's Workers' Compensation law. As Mr. Atdner left the bank, after cashing his workers'

Fee  $400.00
Dktd_____
CtRmDep_____

1

compensation settlement check, the horrific chain of events endured by Mr. Atdner and his young daughter began.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1331, because this action arises under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1343, because this action seeks to redress the deprivation, under color of State law, of a right secured by the Constitution of the United States.

3.     This Court's supplemental jurisdiction is also invoked, pursuant to 28 U.S.C. § 1367 as to all  matters cognizable under the Louisiana Constitution of 1974 and dialectal laws of the State of Louisiana, including but not limited to Article 2315 of the Louisiana Civil Code.

4.     Venue is proper in this court according to 28 U.S.C. § 1391 because the defendants reside within this judicial district and a substantial part of the events or omissions giving rise to Mr. Atdner's claims occurred within this judicial district.

**PARTIES**

5.     Plaintiff, Casco Atdner, is of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana.

6.     Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. § 1391(b), because it is the district in which many defendants reside, and because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Louisiana.

7.     George Kister, a person of the full age of majority  and resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent herein was a deputy with the Jefferson Parish Sheriff's Office.

8.      Julio Alvarado, a person of the full age of majority  and resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent herein was a deputy with the Jefferson Parish Sheriff's Office.

9.      John and Jane Does 1-10 are people not yet known to Mr. Atdner who participated in, or are jointly and/or severally liable with the named Defendants for, the violations of Mr. Atdner's constitutional rights. If any of Does 1-10 are policymakers whose actions reflect the official policies or customs of the governmental entities they represent, Mr. Atdner sues Does 1-10 in their official capacities. Otherwise, Mr. Atdner sues Does 1-10 in their individual capacities.

10.     Defendants ABC Insurance Companies 1-10 are entities not yet known to Mr. Atdner who may have issued and currently have in effect insurance policies, which cover the unconstitutional conduct of one or more of the named defendants and obligate Defendants ABC Insurance Companies 1-10, jointly and/or severally, to pay on behalf of or to indemnify one or more of the named defendants any sums the insureds may become obligated to pay Mr. Atdner.

11.     Joseph Lopinto in his official capacity as Jefferson Parish Sheriff, is a person of the full  age of majority and resident of the Parish of Jefferson, State of Louisiana, who is the current duly elected Sheriff of Jefferson Parish, State of Louisiana.

<u>FACTS</u>

12.     On October 10, 2017, at around 1:15 p.m., Mr. Atdner went into the Capital One bank on the corner of Manhattan Blvd. and Lapalco Blvd. in Harvey, Jefferson Parish, Louisiana.

13.     When inside, Mr. Atdner cashed a check for $5,940.00 and walked back out to his vehicle.

14.     Upon exiting the Capital One parking lot on the corner of Manhattan Blvd. and

Lapalco Blvd., Mr. Atdner was pulled over for an alleged driving infraction by a Jefferson Parish Sheriff's Deputy.

      15.     On the scene were Defendants George Kister and Julio Alvarado.

      16.     Mr. Atdner speaks very little English and Defendant Alvarado speaks English and Spanish.

      17.     No Defendant explained to Mr. Atdner why he had been pulled over and also did not explain why he was being detained.

      18.     Defendants Kister and Alvarado confiscated Mr. Atdner's $5,940.00 in cash from the check he had just cashed in the bank, as well as another $2,000.00 he had in his possession from work.

      19.     Defendants Kister and Alvarado later approached Mr. Atdner and requested that he sign a Jefferson Parish Sheriff's office document/form stating that his property was being fully returned to him.

      20.     Mr. Atdner refused to sign the document/form because it reflected an amount several thousand dollars less than what the Defendants had just taken from him.

      21.     Upon Mr. Atdner's refusal to sign, Defendant Alvarado put his arms around Mr. Atdner's throat and Defendant Kister struck Mr. Atdner, and repeatedly warned him to sign the document/form, but Mr. Atdner refused to sign the form created by Defendants. Mr. Atdner was struck several times by Defendants.

      22.     Defendants violated Mr. Adtner's civil rights by using excessive and unnecessary force where no force was required and they were attempting to carry out a robbery of Mr. Atdner. Mr. Atdner was fully cooperative in this incident.

23.     Defendants then threatened, and eventually did, call Immigration and Customs Enforcement ("ICE") because Mr. Atdner refused to sign the fraudulent property form Defendants presented.

24.     ICE arrived on the scene and met with Defendants Kister and Alvarado who petitioned for Mr. Atdner's arrest on the scene to cover up their crimes.

25.     Mr. Atdner plead with the Defendants to not carry on with their unlawful course of action. He also noted that he had to retrieve his daughter from school that afternoon.

26.     Mr. Atdner's pleas were to no avail, and not only was he arrested, but they also brought Mr. Atdner in handcuffs to his daughter's school. She was brought out to witness her father in handcuffs under arrest, and Mr. Atdner and his daughter were told her father would be going to jail and she would be placed with Department of Children and Family Services.

27.     Mr. Atdner was brought to Convington, Louisiana and then transferred to Lafayette where he spent three weeks incarcerated.

28.     During his incarceration, Mr. Atdner had to seek medical attention for the assault and battery received from Defendants on October 10, 2017.

29.     Mr. Atdner had to hire additional lawyers and post bonds in order to get out of jail in Lafayette.

30.     Upon his release, Mr. Atdner had to hire additional lawyers to find his daughter and get her reunited with him.

31.     While incarcerated, Mr. Atdner suffered numerous injuries and extraordinary damage, including pain and suffering, mental anguish, emotional distress, lost income, physical illness, humiliation, injury to reputation, psychological damage, and restrictions of numerous

forms of personal freedoms. Many of these injuries and harms continue to date after Mr. Atdner's release and eventual reunification with his daughter.

32.     Mr. Atdner's daughter has also suffered as a result of Defendants' actions.

33.     Soon after Mr. Atdner's release, he began receiving phone calls and threats. Upon information and belief, those threats have come from Defendants Kister, Alvarado, and possibly others.

34.     Defendant Kister is under investigation by the Jefferson Parish District Attorney's office for theft, among other charges.

35.     Defendant Kister was subjected to a polygraph examination which he failed relating to charges of theft.

36.     Upon information and belief, Defendant Kister's employment with the Jefferson Parish Sheriff's Office has been terminated.

37.     Upon information and belief, Defendant Alvarado is still employed with the Jefferson Parish Sheriff's Office.

38.     Defendants Kister and Alvarado have a well-documented history of civil rights complaints, including several civil rights actions filed in the Eastern District of Louisiana.

39.     The hiring, retention, and training of Defendants Kister, Alvarado, and potential others, who carry out these repeated acts of theft, violence, and unlawful conduct, represent deliberate indifference to Plaintiff's rights. The unlawful conduct of Defendants' should have been thwarted long before Plaintiff became a target.

**CAUSES OF ACTION**
*Count One: 42 U.S.C. § 1983*

40.    Mr. Atdner incorporates all proceeding paragraphs by reference as if fully set forth herein.

41.    Defendants Kister and Alvarado, and possible others, were acting under color of state law when they conspired to rob, intimidate, commit assault and battery, arrest, and incarcerate Mr. Atdner.

42.    Defendants Kister and Alvarado, and possible others, violated clearly established rights of the Plaintiff including, but not limited to, the duty to stop other officers who in their presence violate the following guaranteed rights:

    a)  The right to be free from excessive force (Fourth and Fourteenth Amendments),

    b)  False arrest, and

    c)  False imprisonment

43.    The individual Officers' actions were done pursuant to customs, policies and/or practices of the Jefferson Parish Sheriff's Office, which were deliberately indifferent in the training, discipline, retention, and supervision of its officers.

44.    At all times herein, Defendant Jefferson Parish Sheriff's Department, acted with deliberate indifference to the constitutional rights of Mr. Atdner through established, promulgated, implemented, and maintained customs, policies, or practices that were a proximate cause and a moving force in violations of Mr. Atdner's rights under the United States Constitution and Louisiana Constitution:

•    Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary use of force during

7

investigations and/or arrests,

- Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendants knew or had actual notice using excessive force against suspects and others,

- Stopping Plaintiff after leaving a bank with no cause or justification,

- Taking Plaintiff's property (cash) and not returning it,

- Failing to intervene when it knew of improper use of force and failing to provide proper medical treatment,

- Using government agencies, such as Immigration and Customs Enforcement at the scene of an alleged routine traffic stop to arrest and incarcerate an individual in furtherance of their criminal activity; and,

- Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the use of excessive force and the failure to provide proper medical treatment.

- Each of the aforementioned customs, policies, or practices was known to Defendants as highly likely and probable to cause violations of the United States Constitutional rights of Plaintiff.

45.    As a direct and proximate result of the Defendants' actions, Mr. Atdner suffered severe injuries and damages including those as set forth further below.

### *Count II: Civil Conspiracy Claim Under 42 U.S.C. § 1985(3) Against Defendants*

46.    All of the foregoing paragraphs are incorporated by reference and realleged as though fully set forth herein.

47.    Defendants Kister and Alvarado acted in concert and with each other, and possible

other individuals, conspiring amongst themselves and with others, intentionally, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, by:

- Unlawfully stopping Plaintiff;

- Robbing Plaintiff;

- Attempting to force Plaintiff to sign a fraudulent property form;

- Beating Plaintiff when he refused to sign the fraudulent form;

- Threatening deportstion and calling "ICE" for refusal to sign the fraudulent property form; and

- Detaining and imprisoning Plaintiff with Immigrations and Customs Enforcement for weeks in an effort to conceal their crime.

48.     In conducting these acts, Defendants were acting pursuant to their repeated conduct of chronic civil rights violations.

49.     Defendants' conspiracy amongst themselves and with other unnamed individuals proximately and directly caused Plaintiff injury, including great distress, physical pain, anguish, fear, suffering, loss of companionship, and monetary damages.

### Count III: Conversion, Misappropriation, Unjust Enrichment

50.     Mr. Atdner incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

51.     Defendants Kister and Alvarado, and potentially others, in their premeditated scheme to carry out their robbery of Plaintiff resulted in their taking of over $3,000.00 in cash

belonging to Mr. Atdner. See LA Civ. Code art. 2315.

52.    As a direct and proximate result of the acts alleged herein, Defendants wrongfully deprived Mr. Atdner of substantial assets and were unjustly enriched by their direct receipt and retention of monies belonging to him.

### Count IV: Direct Action Pursuant to Louisiana Revised Statute § 22:655 Against Defendant ABC Insurance Companies 1-10

53.    Mr. Atdner incorporates all proceeding paragraphs by reference as if fully set forth herein.

54.    ABC Insurance Companies 1-10 may have issued and currently have in effect insurance policies, which cover the unconstitutional conduct of one or more of the named defendants and obligate ABC Insurance Companies 1-10, jointly and/or severally, to pay on behalf of or to indemnify one or more of the named defendants any sums the insureds may become obligated to pay Mr. Atdner.

55.    By reason of their illegal and unconstitutional conduct, defendants are liable to Mr. Atdner for all damages and injuries he has suffered as a result. Defendant ABC Insurance Companies 1-10 are contractually obligated to pay these sums on behalf of the insureds or are obligated to indemnify the insureds for these sums.

56.    ABC Insurance Companies 1-10 may be liable to Mr. Atdner for any all sums described above up to their policy limits, notwithstanding the fact that their insureds may be able to assert claims of privilege or immunity from liability.

57.    Pursuant to Louisiana Revised Statute § 22:655(B), Mr. Atdner brings a direct action against ABC Insurance Companies 1-10 to recover any and all sums they are obligated to pay Mr. Atdner on behalf of their insureds or to indemnify their insureds.

## DAMAGES

58.     The actions of Defendants, jointly and severally, constituted torts of malicious prosecution and intentional infliction of emotional distress.

59.     The actions of Defendants, jointly and severally, deprived Plaintiff of his constitutional and civil rights guaranteed under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, sections 2, 4, 16, 20, 22, and 24 of the Louisiana State Constitution.

60.     Plaintiff has suffered mental and psychological stress as a result of being harassed, robbed, beaten, threatened with deportation and separation from his daughter, and jailed. Plaintiff had well-founded fear that he would never see his daughter again, be deported, and/or remain in prison.

61.     As a direct and proximate result of Defendants' acts, Plaintiff suffered damages and injuries for which he is entitled to compensatory damages in an amount to be determined at trial.

62.     Defendants' acts were intentional, malicious, deliberate, reckless, wanton, and/or cruel, such as to justify an award of punitive damages to Plaintiff.

63.     Plaintiff furthermore suffered other injuries as set forth in the other paragraphs of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Casco Atdner requests that this court enter judgment:

- On Counts One, Two, and Three against Defendants, and awarding compensatory damages in an amount to be determined at trial; costs; and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

11

- On Count Two, against Tamborella, and awarding compensatory damages in an amount to be determined at trial; costs; and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

- On Count Four, against ABC Insurance Companies 1-10, an amount equal to any and all sums they are obligated to pay Mr. Atdner on behalf of their insureds or for which they are obligated to indemnify the insureds; and

- On all counts, granting Mr. Atdnerany other or further relief that this court deems just and proper.

### DEMAND FOR JURY TRIAL

Mr. Atdner demands a jury trial on any causes of action so triable.

Respectfully Submitted:

CASEY COWLEY, L.L.C.

**J. CASEY COWLEY (Bar Roll #30454)**
620 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 485-6554
Facsimile: (504) 218-5628
E-mail: casey@caseycowley.com

&

**Kenneth C. Bordes (Bar #35668)**
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
*ATTORNEYS FOR PLAINTIFF*

### NOTICE AND REQUEST FOR WAIVER
Plaintiff's counsel will send waiver forms pursuant to Federal Rule of Civil Procedure 4(d).