# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASCO ATDNER | CIVIL ACTION |
| VERSUS | NO. 18-9411 |
| GEORGE KISTER, ET AL | SECTION "R"(4) |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come defendants, Sheriff Joseph P. Lopinto, III and Deputy Julio Alvarado, who, in response to the Complaint filed herein by the plaintiff, respectfully submit the following:

## FIRST DEFENSE

The Complaint fails to state a claim against the defendants upon which relief can be granted.

## SECOND DEFENSE

All of the acts and actions taken by the defendants therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the plaintiff, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendants further submit that the claims of the plaintiff are frivolous, groundless and unreasonable and, as such, the defendants are entitled to an award against the plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the plaintiff were the fault of individuals and/or entities over whom the defendants have no control.

## TENTH DEFENSE

That any actions taken by the defendants were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the defendants to the defense of qualified immunity.

## ELEVENTH DEFENSE

That the sole and proximate cause of any injuries and/or damages sustained by the plaintiff during the incident complained of herein were the actions and/or inactions of the plaintiff himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

And now, defendants respond to the allegations of the plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 are denied for lack of sufficient information upon which to justify a belief therein.

II.

The allegations contained in paragraph 2 are admitted.

III.

The allegations contained in paragraph 3 require no answer; however, in an abundance of caution, those allegations are denied.

IV.

The allegations contained in paragraph 4 are admitted to the extent that defendants acknowledge venue is proper in this Court; all other allegations are denied.

V.

The allegations contained in paragraph 1 are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 6 are admitted to the extent that defendants acknowledge venue is proper in this Court; all other allegations are denied.

VII.

The allegations contained in paragraph 7 are admitted to the extent that at the time of the incidents complained of herein George Kister was a deputy with the Jefferson Parish Sheriff's Office.

VIII.

The allegations contained in paragraph 8 are admitted.

IX.

The allegations contained in paragraph 9 are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in paragraph 11 are admitted.

XII.

The allegations contained in paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations contained in paragraph 14 are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 are denied for lack of sufficient information upon which to justify a belief therein.

XVI.

The allegations contained in paragraph 16 are denied for lack of sufficient information upon which to justify a belief therein.

XVII.

The allegations contained in paragraph 17 are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18 are denied for lack of sufficient information upon which to justify a belief therein.

XIX.

The allegations contained in paragraph 19 are denied for lack of sufficient information upon which to justify a belief therein.

XX.

The allegations contained in paragraph 20 are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 are denied for lack of sufficient information upon which to justify a belief therein.

XXII.

The allegations contained in paragraph 22 are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations contained in paragraph 23 are denied for lack of sufficient information upon which to justify a belief therein.

XXIV.

The allegations contained in paragraph 24 are denied.

XXV.

The allegations contained in paragraph 25 are denied for lack of sufficient information upon which to justify a belief therein.

XXVI.

The allegations contained in paragraph 26 are denied for lack of sufficient information upon which to justify a belief therein.

## XXVII.

The allegations contained in paragraph 27 are denied for lack of sufficient information upon which to justify a belief therein.

## XXVIII.

The allegations contained in paragraph 28 are denied for lack of sufficient information upon which to justify a belief therein.

## XXIX.

The allegations contained in paragraph 29 are denied for lack of sufficient information upon which to justify a belief therein.

## XXX.

The allegations contained in paragraph 30 are denied for lack of sufficient information upon which to justify a belief therein.

## XXXI.

The allegations contained in paragraph 31 are denied for lack of sufficient information upon which to justify a belief therein.

## XXXII.

The allegations contained in paragraph 32 are denied for lack of sufficient information upon which to justify a belief therein.

## XXXIII.

The allegations contained in paragraph 33 are denied for lack of sufficient information upon which to justify a belief therein.

## XXXIV.

The allegations contained in paragraph 34 are denied for lack of sufficient information upon which to justify a belief therein.

XXXV.

The allegations contained in paragraph 35 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVI.

The allegations contained in paragraph 36 are admitted to the extent that defendant Kister is no longer employed with the Jefferson Parish Sheriff's Office.

XXXVII.

The allegations contained in paragraph 37 are admitted.

XXXVIII.

The allegations contained in paragraph 38 are denied.

XXXIX.

The allegations contained in paragraph 39 are denied.

XL.

The allegations contained in paragraph 40 require no answer; however, in an abundance of caution, those allegations are denied.

XLI.

The allegations contained in paragraph 41 are denied.

XLII.

The allegations contained in paragraph 42 are denied for lack of sufficient information upon which to justify a belief therein.

XLIII.

The allegations contained in paragraph 43 are denied.

XLIV.

The allegations contained in paragraph 44 are denied.

XLV.

The allegations contained in paragraph 45 are denied for lack of sufficient information upon which to justify a belief therein.

XLVI.

The allegations contained in paragraph 46 require no answer; however, in an abundance of caution, those allegations are denied.

XLVII.

The allegations contained in paragraph 47 are denied.

XLVIII.

The allegations contained in paragraph 48 are denied.

XLIX.

The allegations contained in paragraph 49 are denied.

L.

The allegations contained in paragraph 50 require no answer; however, in an abundance of caution, those allegations are denied.

LI.

The allegations contained in paragraph 51 are denied.

LII.

The allegations contained in paragraph 52 are denied.

LIII.

The allegations contained in paragraph 53 require no answer; however, in an abundance of caution, those allegations are denied.

LIV.

The allegations contained in paragraph 54 are denied for lack of sufficient information upon which to justify a belief therein.

LV.

The allegations contained in paragraph 55 are denied.

LVI.

The allegations contained in paragraph 56 are denied.

LVII.

The allegations contained in paragraph 57 are denied for lack of sufficient information upon which to justify a belief therein.

LVIII.

The allegations contained in paragraph 58 are denied.

LIX

The allegations contained in paragraph 59 are denied.

LX.

The allegations contained in paragraph 60 are denied for lack of sufficient information upon which to justify a belief therein.

LXI.

The allegations contained in paragraph 61 are denied for lack of sufficient information upon which to justify a belief therein.

LXII.

The allegations contained in paragraph 62 are denied.

LXIII.

The allegations contained in paragraph 63 are denied for lack of sufficient information upon which to justify a belief therein.

LXIV.

Further answering, defendants respectfully aver that any and all actions taken by Deputy Julio Alvarado were taken in good faith, with probable cause, and without malice, entitling him to qualified immunity.

LXV.

That the sole and proximate cause of any damages and/or injuries allegedly sustained by the plaintiff as alleged herein were the actions and/or inactions of individuals over whom defendants have no control or authority.

LXVI.

Defendants respectfully request trial by jury on all issues herein.

**WHEREFORE,** defendants, Sheriff Joseph Lopinto and Deputy Julio Alvarado, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendants, Sheriff Joseph Lopinto and Deputy Julio Alvarado, and against the plaintiff, Casco Atdner, dismissing the plaintiff's Complaint, with prejudice, and at plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
      jeff@martinylaw.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Sheriff Joseph Lopinto and Julio Alvarado

## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of December, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

                                     */s/ Daniel R. Martiny*
                                     DANIEL R. MARTINY (9012)